OPINION OF THE COURT
David B. Saxe, J.
Moored to Pier 84 in the North River, which to those less nautically inclined is also known as the Hudson River, is the riverboat Mark Twain owned by the respondent Mississippi Holding Ltd. (Mississippi).
The Mark Twain has occupied berthing space adjacent to Pier 84 under a written agreement with New York City’s Department of Ports and Terminals. Under the contract, a day-to-day license agreement, Mississippi was granted permission to use the premises for berthing and was also granted a right of access over the pier in order to arrive at the berth. The petitioner then terminated this agreement by service of a 30-day notice and this eviction action followed.
At an inquest, I inquired of the city’s attorney concerning the propriety of seeking to recover the berthing space by means of a summary proceeding.
The respondent Mississippi’s status is that of a licensee. (Rasch, NY Landlord & Tenant, Summary Proceedings § 71 [2d ed].) The petitioner contends that it has properly terminated the respondent’s license and that a summary proceeding brought by it is the appropriate mechanism by which to recover possession (RPAPL 713 [7]; 721 [7]).
*866 The question is raised as to whether the use of a summary proceeding is a proper method by which to recover berthing space. RPAPL article 7 governs the use of summary proceedings and is entitled “Summary Proceeding to Recover Possession of Real Property.” The lead section of that article, RPAPL 701, reiterates in definite terms that special proceedings brought under this article are ones for the recovery of real property.
The threshold question here is whether this is an action for the recovery of real property.
Although the right of access granted to the permittee to traverse the pier in order to gain access to their boat certainly concerns “real property” and constitutes either an easement or a license (17 NY Jur, Easements and Licenses, §§ 1, 3), the primary goal of the petitioner here is not the recovery of the right of access but rather recovery of the berthing space from the respondent.
Focusing our inquiry then upon the berthing space, a berth is defined as “The place where a ship lies at anchor, or at a wharf” (Webster’s New Collegiate Dictionary [1961]). That space which is directly adjacent to Pier 84 is the water upon which the riverboat now rests, and is the space which the petitioner now seeks to recover. Does this berthing space constitute real property?
Real Property Law § 2 states that “The terms ‘real property’ and ‘lands’ * * * are co-extensive in meaning with lands, tenements and hereditaments.” And “[t]he word land includes not only the soil, but every thing [sic] attached to it whether attached by the course of nature, as trees, herbage and water, or by the hand of man, as buildings and fences.” (Mott v Palmer, 1 NY 564, 572-573 [1848].)
New York City Charter § 383 provides that the city’s wharves, docks, piers, wharf property and land under water are inalienable, but that such property may be leased. New York City Charter § 1602 (3) (b) includes “wharf property” within its description of “real property.” “Wharf property” is defined in Administrative Code of the City of New York § 1150-1.0 (17) as, inter alla, wharves, piers, land beneath such structures, land under water in the Port of New York, land adjacent thereto and upland. Similarly, “[w]ater front property” is defined in Administrative Code § 1150-1.0 (7) (b) as property fronting on tidal waters in the Port and City of New York extending inshore to the property line of the first adverse owner, including land under water extending outshore to the pierhead line or property line, whichever extends furthest outshore.
*867 Since “wharf property” includes piers together with the land under the piers and land adjacent to the piers, and since “water front” property also includes land under water extending out-shore to the end of the piers, it follows that a berthing place next to a city pier is “real property”, within the meaning of the Administrative Code. (See generally, Union Ferry Co. v Fair-child, 191 App Div 639 [1st Dept 1920].)
I hold therefore that this action is one to recover possession of real property and a summary proceeding by the landlord to recover possession of the berthing space which includes the land under the water extending outshore to the end of the pier is proper.
Based on the above, I grant judgment to the petitioner. Warrant to issue forthwith. Five-day stay.